# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS WOLKENSTEIN, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| BARCLAYS BANK DELAWARE, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

LOUIS WOLKENSTEIN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BARCLAYS BANK DELAWARE ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Scranton, Pennsylvania 18510.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at 125 S. West Street, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around late July 2015 and continuing thereafter, Defendant called Plaintiff on his cellular telephone on a repeated and continuous basis each day.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant used an automatic telephone dialing system and/or pre-recorded voice because Defendant's calls would begin with a pre-recorded voice before he would be transferred to a live collector.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In or about early August 2015, Plaintiff spoke with Defendant's representative and requested that their repeated calls stop immediately.

17. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Despite Plaintiff's clear revocation of consent, Defendant continued to call Plaintiff.

19. These calls were frustrating and annoying for Plaintiff, especially since Defendant called him while at work.

20. After Plaintiff's request to stop calling was ignored by Defendant, he took measures to block their calls by downloading a blocking application.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, on and after early August 2015, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, LOUIS WOLKENSTEIN, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LOUIS WOLKENSTEIN, demands a jury trial in this case.

Respectfully submitted,

DATED: March 15, 2017    By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff